AO 245 S (Rev. 4/92)(W.D.Tx. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIN A. WHITECLIFF,

    Defendant.

Case Number W-93-CR-046(3)
USAO Number 9301274

FILED
JUN 21 1994
CLERK, U.S. DIST. COURT
BY _____ DEPUTY

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, KEVIN A. WHITECLIFF, was represented by STEVEN ROCKET ROSEN.

The defendant has been found not guilty on Count SSS1 and is discharged as to such count.

The defendant was found guilty on Counts SSS2 and SSS3 by a jury verdict on February 26, 1994, after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1114 and 18:1111(a) | Murder of Federal Officers | 02/28/93 | SSS2 |
| 18:924(c)(1) | Possession of a Firearm During the Commission of a Crime of Violence | 02/28/93 | SSS3 |

As pronounced on June 17, 1994, the defendant is sentenced as provided in Pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Counts SSS2 and SSS3, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 21st day of June, 1994.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

Defendant's SSAN: 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
Defendant's Date of Birth: 06/23/61
Defendant's address: 728 Palani Avenue, Honolulu, HI 96816

1593

1321

1593

Defendant: KEVIN A. WHITECLIFF
Case Number: W-93-CR-046(3)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED TWENTY (120) MONTHS as to Count SSS2 and THIRTY (30) YEARS as to Count SSS3, the term imposed as to Count SSS3 to be served CONSECUTIVELY to the term imposed as to Count SSS2.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

1594
1594

Case 6:93-cr-00046-WSS   Document 1321   Filed 06/21/94   Page 3 of 7

AO 245 S (Rev. 10/90)(W.D.TX. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant: KEVIN A. WHITECLIFF
Case Number: W-93-CR-046(3)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count SSS2 and FIVE (5) YEARS as to Count SSS3, such terms of supervised release to be served CONCURRENTLY with each other.

While on supervised release, the defendant shall not commit another Federal, State, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this Court (set forth below); and shall comply with the following additional conditions:

- [X] If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

- [X] If this judgment imposes a fine, special assessment, costs, or restitution obligation, the defendant shall pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

- [X] The defendant shall not own or possess a firearm or destructive device.

- [X] The defendant shall provide the probation officer with access to any requested financial information.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall not use or possess methadone for treatment purposes, or in any other manner, shape or form, <u>without express authority of the Court</u>.

1595
1595

Judgment--Page 4 of 6

Defendant: KEVIN A. WHITECLIFF
Case Number: W-93-CR-046(3)

### FINE

The defendant shall pay a fine of $2,000.00. This fine includes any costs of incarceration and supervision.

This amount is the total of the fines imposed on individual counts, as follows: $1,000.00 as to Count SSS2 and $1,000.00 as to Count SSS3.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine shall be paid immediately. Any fine assessment and/or restitution that remain unpaid shall be paid during the term of supervised release at the direction of the United States Probation Officer.

If the fine is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

1596
1596

AO 245 S (Rev. 4/91)(W.D.Tx. rev.) Sheet 5 - Fine

Judgment--Page 4 of 6

Defendant: KEVIN A. WHITECLIFF
Case Number: W-93-CR-046(3)

### FINE

The defendant shall pay a fine of $2,000.00. This fine includes any costs of incarceration and supervision.

This amount is the total of the fines imposed on individual counts, as follows: $1,000.00 as to Count SSS2 and $1,000.00 as to Count SSS3.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine shall be paid immediately. Any fine assessment and/or restitution that remain unpaid shall be paid during the term of supervised release at the direction of the United States Probation Officer.

If the fine is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

1596
1596

Judgment--Page 5 of 6

Defendant: KEVIN A. WHITECLIFF
Case Number: W-93-CR-046(3)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Alcohol, Tobacco, and Firearms<br>Attn: David Effley, Ray Shirley, and Jane McHam<br>525 Griffin Street, Room 100<br>Dallas, TX 75202 | $637,607.49 |
| United States Department of Justice<br>Office of Justice Programs<br>Re: Public Safety Officers Benefit Program<br>633 Indian Avenue Northwest<br>Washington, DC 20531 | $494,080.00 |

Correspondence to the Department of Justice should reference the following case numbers:

PSOB, Case Number 93-101 - Conway Charles LeBleu,
PSOB, Case Number 93-102 - Robert J. Williams,
PSOB, Case Number 93-103 - Todd W. McKeehan, and
PSOB, Case Number 93-104 - Steven D. Willis.

Payments of restitution are to be made to the United States Attorney for transfer to the payees.

Restitution shall be paid in full immediately.

Any payment shall be divided proportionately between the payees.

1597

1597

Case 6:93-cr-00046-WSS   Document 1321   Filed 06/21/94   Page 7 of 7

AO 245 S (Rev. 4/91)(W.D.Tx. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 6 of 6

Defendant: KEVIN A. WHITECLIFF
Case Number: W-93-CR-046(3)

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report except the Court determined the defendant's actions constituted obstruction of justice, and two points were added to the offense level.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 30 |
| Criminal History Category: | I |
| Imprisonment Range: | 97 months to 120 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $15,000.00 to $150,000.00 |
| Restitution: | $1,131,687.49 |

The fine is below the guideline range because of the defendant's inability to pay and amount of restitution.

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.